**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southern Counties Oil Company, | No. CV-18-02307-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Lucas Henry, et al., | |
| Defendants. | |

The Court has an independent obligation to determine on its own initiative whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). In an action in which the plaintiff asserts

diversity, the complaint must allege the citizenship of every member of any plaintiff that is a limited partnership or LLC, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016), and must plead that each defendant is completely diverse. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Where defendants are limited partnerships or LLCs, the plaintiff may allege the diversity of defendants "on information and belief" if plaintiff cannot reasonably ascertain the citizenship of each member of each defendant limited partnership or LLC. *Id.*

On December 18, 2018, Plaintiff Southern Counties Oil Co. ("SC Fuels") filed its First Amended Complaint (Doc. 52), adding Fuelco Energy, LLC as a Defendant and alleging that "Defendant Fuelco Energy, LLC ('Fuelco') is an entity with citizenship in Houston, Texas, as SC Fuels is informed and believes and based thereon alleges that this is where Fuelco is headquartered and has its principal place of business." (Doc. 52 at 3.) This allegation does not properly plead facts that give rise to diversity jurisdiction, as the citizenship of an LLC is based on the citizenship of its various members. SC Fuels failed to allege that the members of Fuelco are completely diverse. The Court will allow SC Fuels to file a Second Amended Complaint to correct its defective allegations of jurisdiction. *See NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Accordingly,

**IT IS ORDERED** that by **January 11, 2019**, SC Fuels shall file a Second Amended Complaint, properly alleging diversity jurisdiction.

**IT IS FURTHER ORDERED** that if SC Fuels fails to timely file its Second Amended Complaint, the Clerk of the Court shall dismiss Fuelco as a party (*see* Rule 21 of the Federal Rules of Civil Procedure) on **January 14, 2019**.

Dated this 2nd day of January, 2019.

Dominic W. Lanza
United States District Judge