**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southern Counties Oil Company, | No. CV-18-02307-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Lucas Henry, et al., | |
| Defendants. | |

Pending before the Court is the parties' seventh stipulation to extend deadlines. (Doc. 137.) As explained below, the Court requires more information before deciding whether to grant the stipulation.

## BACKGROUND

On July 23, 2018, Plaintiff filed the complaint. (Doc. 1.)

On October 31, 2018, the undersigned judge inherited this case. (Doc. 42.)

On December 17, 2018, the Court issued a scheduling order, setting various deadlines including a November 1, 2019 deadline for fact and expert discovery and a December 20, 2019 deadline for dispositive motions. (Doc. 51.) The order emphasized that "the Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly." (*Id.* at 7.)

The Court has since extended the deadlines, at the parties' requests, six times. (Docs. 64, 78, 96, 122, 130, 132.) The last time was on June 10, 2021, at which point the Court included and emphasized an express warning to the parties: "**No further extensions**

**will be granted.**" (Doc. 132.)

The Court's June 10, 2021 order extended the discovery deadline to November 1, 2021 and the dispositive motions deadline to November 29, 2021. (*Id.*) The extended discovery deadline—which was exactly two years later than the original discovery deadline and just shy of three years from the start of discovery—allowed the parties over four and a half additional months to conclude discovery.

Nevertheless, despite having been warned that no further extensions would be granted, the parties scheduled three fact witness depositions for the week before the discovery deadline, such that if the depositions had to be canceled for any reason—a not-uncommon occurrence—there would be no way to conclude discovery by the Court's six-times-extended and final deadline. (Doc. 137 at 3.)

On October 20, 2021, one of Plaintiff's attorneys, Philip K. Lem, learned that his daughter's third grade class was exposed to Covid-19. (*Id.*) The following day, Mr. Lem's daughter took a Covid-19 test, and on October 22, 2021, she received a positive result. (*Id.*) Following CDC guidance, Plaintiff needed to isolate due to his daughter's positive test result. (*Id.*) Because it was "Defendant's preference that the scheduled depositions take place in person," the parties cancelled the depositions. (*Id.*) They then waited several more days, until the day of the fact discovery deadline, to inform the Court of the parties' decision to cancel the eleventh-hour depositions (rather than trying to find some way to make them happen) and to request an additional 90-day extension for all pending deadlines. (Doc. 137.)

**DISCUSSION**

The Court is responsible for securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To that end, the Court must, "as soon as practicable" at the dawn of every litigation, issue a scheduling order, which "must limit the time to . . . complete discovery, and file motions." Fed. R. Civ. P. 16(b)(2)-(3). Pursuant to Rule 16(b)(4), the Court's "schedule may be modified only for good cause" and with the Court's consent. "Rule 16(b)'s 'good cause' standard primarily

considers the diligence" of the party or parties seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* "If that party was not diligent, the inquiry should end." *Id.* "[A]s a practical matter, extraordinary circumstances is a close correlate of good cause" and is "not intended to be a less rigorous standard than good cause." *Id.* at 610.

The parties assert that "good cause exists to extend pending deadlines by 90 days" due to what the parties characterize as "extraordinary circumstances." (*Id.* at 2.) The Court is not so sure. At this point, nineteen months into the pandemic, isolating due to Covid-19 exposure has become commonplace and is but one of the many mundane logistical reasons why a deposition might need to be rescheduled or conducted by different means or by different attorneys. Because the parties scheduled the depositions for the week before the deadline—thereby putting themselves in a situation in which the depositions could not be rescheduled before the final deadline—the parties should have found a way to ensure the depositions were not cancelled. The depositions could have been conducted remotely via videoconferencing, which has become increasingly common during the pandemic. *United States for use & benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) ("While the Court is sympathetic to the challenges to the legal community during this pandemic, attorneys and litigants are adapting to new ways to practice law, including preparing for and conducting depositions remotely. In addition to finding no good cause to extend fact discovery for sixty days, the Court also finds the parties have not diligently sought to complete depositions because they are rejecting the use of remote videoconference depositions for reasons of convenience and not true prejudice."). It is not clear to the Court that "Defendants' preference that the scheduled depositions take place in person" (Doc. 137 at 3) was a good enough reason for the parties to disregard the urgency of completing the depositions before the deadline, particularly where no explanation has been provided for that preference. Alternatively, even assuming the depositions needed to be conducted in person for some unspecified reason, the parties have not explained why

another of Plaintiff's three attorneys could have conducted them. At the very least, if the parties could not troubleshoot this emergency of their own making, the parties could have brought the issue to the Court's attention when Mr. Lem learned he would have to isolate, before cancelling the depositions, instead of cancelling the depositions and waiting until the discovery period elapsed before seeking an extension.

Even if the circumstances were truly "extraordinary," this situation could have easily been avoided by scheduling all depositions by early October, to allow time for them to be rescheduled if necessary. *Mori v. Baroni*, 2008 WL 2509143, \*3 (E.D. Cal. 2008) ("Plaintiffs' lack of prior planning is not this court's emergency."). This approach raises an inference that the parties failed to "plan their litigation activities" in a manner that ensured compliance with the deadlines. (Doc. 51.)

The Court further notes that Plaintiff has not made any effort to demonstrate the importance of the three remaining depositions. *United States v. Cathcart*, 2009 WL 1817006, \*2 (N.D. Cal. 2009) (parties failed to "persuasively demonstrate that the deposition testimony is necessary to support their dispositive motion(s)").

The parties appear to have simply assumed the extension would be granted, despite the Court's express warning that no further extensions would be granted. This assumption was unfortunate. *Jimenez v. Montgomery*, 2016 WL 4060099, \*1 (C.D. Cal. 2016) ("[R]espondent should not have assumed, as he apparently did, that the Court would grant the extension."); *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996) ("If the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless."); *see also In re Benham*, 2013 WL 3872185, \*10 (C.D. Cal. 2013) ("Multiple requests to extend the same deadline are generally disfavored.").

Because the parties have not been diligent, "the inquiry should end." *Johnson*, 975 F.2d at 609. However, the practical result of denying this stipulation would be that Plaintiff would not have the opportunity to complete three depositions, and the Court is concerned that perhaps Plaintiff was forced to schedule the depositions so close to the deadline

- 4 -

because the deponents would not make themselves available at an earlier date, and then the depositions were cancelled because Defendants were being inflexible and refusing to conduct the depositions via videoconferencing.[1] If this were the case, Plaintiff should have *immediately* brought this to the Court's attention—*before* the depositions were cancelled. Nevertheless, the Court does not want Plaintiff to suffer prejudice if Defendants' inflexibility caused the conflict. Furthermore, although at this point Covid-19 isolation is not an "extraordinary" circumstance, the Court is sympathetic to an attorney who is forced to scramble when his third-grader tests positive.

Although the parties filed a joint motion, Plaintiff is the party in need of relief and is, for the purposes of this motion, the party whose diligence is at issue. Thus, the Court will hold a hearing to determine whether Plaintiff was diligent enough to merit an extension of time. (The parties are cautioned up front that, in the event an extension is granted, it will be a shorter extension than the requested 90 days.) At the hearing, the parties should be prepared to offer (1) a more in-depth explanation of the events precipitating the joint motion and (2) a proposed solution that will not delay this case three more months.

Accordingly,

**IT IS ORDERED** that a telephonic hearing on the parties' joint motion for extension of time (Doc. 137) is set for **November 5, 2021 at 9:00 a.m.** Arizona time. Counsel are directed to call (866) 390-1828; Access Code: 9667260 five minutes prior to the scheduled hearing. Counsel are advised that speaker phones, headsets and connection through the internet are **not** permitted.

Dated this 3rd day of November, 2021.

Dominic W. Lanza
United States District Judge

---

[1] To be clear, the parties' bare-bones stipulation does not suggest that Defendants' inflexibility was the cause of the current situation. The Court is simply speculating about the existence of potential extenuating circumstances that weren't brought to its attention.